IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Timothy McKibben,                                    Case No. 3:07CV1270

        Plaintiff,

    v.                                                   ORDER

Commissioner of Social Security,

        Defendant.


This matter is before the court on plaintiff Timothy McKibben's March 28, 2008, objections to Magistrate Judge Armstrong's Report and Recommendation. [Doc. 19].  For the reasons below, the plaintiff's objections shall, on *de novo* review, be overruled. Plaintiff's motion to reconsider shall be denied and the Magistrate's Amended Report and Recommendation [Doc. 20] shall be adopted.

**Factual Background**

As the Magistrate's Report thoroughly presents the factual background of this case, I only briefly describe that information here.

At the time of the administrative hearing, plaintiff was 53 years of age, weighed 215 pounds and was 6 feet tall. His source of income was veteran's benefits totaling $500 monthly. Plaintiff was

1

last employed November 21, 2001, as a truck driver, but quit working when his hip prevented him from lifting. Plaintiff also worked as a security manager and was a home health aide.

Plaintiff suffers from heart problems, degenerative disc disease of the spine, cervical spine problems, difficulty rotating his neck, headaches, fibromyalgia, obstructive sleep apnea, psoriasis, arthritis, diabetes with neuropathy, hypertension and reflux. He had a hip replacement. He attended cardiac rehabilitation five days per week.

Plaintiff had angina which he controlled by taking nitroglycerin. He was prescribed one medication that treated his psoriasis and arthritis. He took multiple medications. He consumed four dosages of pain reliever daily and was prescribed an oral medication to treat the symptoms of diabetes, hypertension and reflux.

Vocational expert (VE) Christopher Young classified plaintiff's former employment as a tractor trailer driver as medium work as performed in the national economy and semi-skilled. The loading and unloading of cargo from the truck was performed in a heavy fashion. Plaintiff's position as a home health aide was performed as medium and semi-skilled.

A person who was plaintiff's age, with plaintiff's educational and work background, and with the a limitations that the person never had to go outside or get involved in climbing at unprotected heights, could, according to the VE, perform work as a sales attendant, office helper and cashier. There were approximately 12,000 sales attendants positions in greater Toledo, 10,000 office helper positions and 3,500 cashier positions. According to the VE, specific vocational preparation would take up to one month.

Inability to meet the attendance requirements on a sustained basis would, however, preclude the hypothetical plaintiff from doing the recommended jobs. Further, if the hypothetical plaintiff

were required to lie down at unpredictable intervals during the work shift, there would be no work that the individual could perform.

## Procedural Background

Plaintiff applied for disability insurance benefits (DIB) on June 10, 2002, alleging disability since November 15, 2001. The Social Security Administration denied his request for benefits initially and upon reconsideration. On November 4, 2004, plaintiff, his counsel and VE, appeared before Administrative Law Judge (ALJ) Frederick McGrath. On June 29, 2005, the ALJ found plaintiff was not entitled to a period of disability as defined in the Act. On March 7, 2007, the Social Security Administration Office of Hearing and Appeals (the Appeals Council) denied plaintiff's request for review, making ALJ McGrath's opinion the Commissioner's final decision.

The Social Security Act provides that a court may remand a case to the Commissioner to consider additional evidence, but only if the evidence is new, material, and there is good cause for failure to incorporate that evidence into a prior proceeding. 42 U.S.C. § 405(g) (sentence six). Plaintiff sought remand of the Appeals Council's final determination denying his claim for DIB under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 416(i) and 423. Plaintiff now objects to Magistrate Judge Armstrong's March 21, 2008, Report and Recommendation, recommending plaintiff's motion for remand be denied.[1]

## Discussion

Plaintiff objects to the Magistrate Judge's consideration of 1) a letter from a rehabilitation counselor; 2) a medical article about heart disease; and 3) a progress note from a doctor. The

---

[1]

This Report and Recommendation was amended on March 28, 2008, to reflect a change to the last paragraph on the final page. [Doc. 20]. It was otherwise unchanged.

Magistrate acknowledged that a letter from plaintiff's Veterans Administration vocational rehabilitation counselor, Michael MacGuffie, was inadvertently omitted from the record. According to McKibben, this letter directed him to withdraw from classes, and should be considered vocational evidence under 20 C.F.R. § 404.1520(a)(3). Plaintiff argues the Magistrate erred in characterizing the letter as medical evidence. Plaintiff further argues she erred in finding the letter was not material because it was not from an acceptable medical or other source that was entitled to controlling weight. 20 C.F.R. § 404.1513(a), (d). He claims this evidence may have changed the outcome of the ALJ's decision.

The ALJ rejected an earlier letter from MacGuffie which opined plaintiff was not capable of working due to his multiple disabilities and associative residual effects. According to the regulations, the ALJ found MacGuffie not an acceptable medical source. MacGuffie's letter submitted to the Appeals Council appears to have contained a similar opinion–that plaintiff was directed to withdraw from rehabilitation classes. MacGuffie was again making a disability opinion that encompassed both medical and vocational considerations. The Magistrate properly assessed the value of the opinion and cited to the acceptable regulations.

McKibben also argues a copy of a chart, titled "Functional Classification of Heart Disease," from the New York Heart Association needed to be submitted following the ALJ's decision, because the ALJ misstated the September 24, 2002, Dobutamine Stress Echo test results as normal. Plaintiff claims the stress echo interpretation states it was abnormal. I find the ALJ correctly stated the evidence. Although the echo interpretation on the cardiac stress report from Dr. Bishara indicates "abnormal at rest with no exercise induced ischemia," the report clearly says "EKG impression:

Negative Dobutamine Stress Echo" (Tr. 246). The ALJ's characterization that "[a]lso in late 2002, a stress test was negative" is appropriate. (Tr. 18).

In addition, plaintiff argues he did not need to submit the chart at the hearing, as there was no need for it until after the ALJ issued his decision and misstated the evidence. Plaintiff contends, even though the chart was not new evidence, good cause exists for failing to have included it in the administrative record. He argues that he would have to have anticipated the ALJ's mis-statement, and for this reason has sufficient good cause. This is not persuasive. To obtain a remand for further administrative proceedings, section 405(g) "requires a showing of both materiality and good cause." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 149 (6th Cir. 1996). Plaintiff's conclusory argument that he had good cause for failing to present the evidence falls short. He does not successfully satisfy this requirement.

Finally, McKibben contends the progress note from Dr. Shapiro provides a basis for remand. In the record plaintiff admits he did not tell the truth when responding to Dr. Shapiro's inquiries about full-time school attendance. The Magistrate noted plaintiff admitted at the hearing that he lied when Dr. Shapiro inquired about his attendance at school, and one year after the administrative hearing, Dr. Shapiro memorialized plaintiff's explanation for the falsehood.

As the Magistrate noted, the progress note does not provide a basis for remand, because it merely addresses the reasons that plaintiff lied to Dr. Shapiro, which the ALJ already considered. It was cumulative evidence and unlikely to change the ALJ's decision. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 149 (6th Cir. 1990).

The Magistrate found the Appeals Council had considered the evidence and properly determined that none of it provided a basis for remand under sentence six of 42 U.S.C. § 405(g).

Upon *de novo* review of the objections made by plaintiff's very able counsel, I find they do not suffice to overcome the Magistrate's Amended Report and Recommendation.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT:

1. Plaintiff's objections to the Magistrate Judge's Report and Recommendation be, and the same hereby is overruled;

2. Plaintiff's motion to reconsider be, and the same hereby is overruled; and

3. The Magistrate Judge's Report and Recommendation be, and the same hereby is adopted as the order of this court.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge